**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **ANGELIA M. TURNER,** | ) |
| Plaintiff, | ) ) ) |
| | ) Cause No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **HICKINBOTHAM REAL ESTATE, INC.**, | ) |
| Defendant. | ) ) |

## COMPLAINT

**COMES NOW** Plaintiff Angelia "Angie" Turner ("**Plaintiff**" or "**Turner**"), by and through her attorneys, and for her Complaint against Defendant Hickinbotham Real Estate, Inc. ("**Defendant**") states and alleges as follows:

1. This is an action for monetary damages, injunctive relief and other equitable and ancillary relief, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

## JURISDICTION AND VENUE

2. The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. authorizes court actions by private individuals to recover damages for violations of wage and hour provisions contained within the FLSA. This Court has subject matter jurisdiction over the causes of action asserted herein under 28 U.S.C. § 1331 (federal question jurisdiction.) The Court has jurisdiction pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and the provisions of 28 U.S.C. §1331 and § 1337.

3. The Defendant managed the work of Plaintiff, including the amount of overtime required to be worked, in Defendant's place of business in St. Clair, Missouri. Thus, venue is proper in this Court.

1

## PARTIES

4. Plaintiff Angelia Turner is a resident of the State of Missouri and resides in St. Clair, Missouri in the Eastern District of this Court. For the relevant time period, including three years before the filing of this complaint, Turner was continuously employed by Defendant at Hickinbotham Real Estate, Inc. ("**Hickinbotham**") with varying job titles.

5. Hickinbotham is a Missouri corporation, registered to do business in Missouri, with its principal place of business at 862 S. Outer Road West, St. Clair, Missouri, 63077. Defendant Hickinbotham does business within the Eastern District of this Court.

6. At all times relevant to this Complaint, Defendant Hickinbotham, as Plaintiff's employer, was engaged in the business of providing residential real estate, commercial real estate, acreage real estate, property management and investment property real estate services. Hickinbotham Real Estate, Inc.'s web site, the Defendant has over $5 million in sales volume per year. In connection with such business, the Defendant was an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(r)(1) and engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) by its serving customers from outside the state of Missouri; by making phone calls to customers in states outside of Missouri; by handling goods in the Missouri office obtained from states outside of Missouri.

7. At all relevant times, Defendant was an employer pursuant to 29 U.S.C. §203(d).

8. From November 2013 through November 11, 2016, Defendant employed Plaintiff in its St. Clair, Missouri office in conjunction with its business of providing residential real estate, commercial real estate, acreage real estate, property management and investment property real estate services. In performing her job, the Plaintiff was engaged in commerce within the meaning of the FLSA.

## COUNT I: FLSA

9. Plaintiff Turner re-alleges and incorporates by reference, paragraphs 1 to 7 of her Complaint as paragraph 8 of Count I.

10. Plaintiff brings this action pursuant to 29 U.S.C. §216(b) of the FLSA to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages and statutory penalties and damages owed to Plaintiff by Defendant, its subsidiaries and affiliated companies.

11. Plaintiff was continuously employed by Defendant from November 15, 2013 through November 11, 2016.

12. At the start of her employment in November 2013, Defendant required that Plaintiff initial a document which set forth that she was employed as a Personal Assistant/Secretary pursuant to regulations of the Missouri Real Estate Commission. This document specifically listed the duties that a Personal Assistant/Secretary could not perform while employed by the Defendant. During the entire time of her employment with Defendant, Plaintiff did not obtain any type of real estate license.

13. At all relevant times, the Defendant manipulated the Plaintiff's job title in an attempt to willfully circumvent its obligations to pay her overtime under the Fair Labor Standards Act. For example, Defendant purported to call Plaintiff its "Transaction Coordinator" or "Listing Manager" even though Plaintiff did not perform exempt duties in these positions. Rather, the Defendant even used a form titled "Performance Evaluation Form—Support Staff" which is indicative of Plaintiff's non-exempt status under the FLSA as a member of the support staff.

14. Throughout her employment with the Defendant, the Plaintiff regularly worked in excess of 40 hours per work week by working through her designated lunch period; by

working at home in the evening after 5:30 p.m. responding to emails and telephone calls from the Defendant's own real estate agents and current and potential customers of the Defendant; by completing reports required by the Defendant at her home in the evening after she had left the Defendant's main office, all with the knowledge and acquiescence of the Defendant.

15. The Plaintiff's own employment agreement required that she work 10:00 a.m. to 4:00 p.m. on 26 Saturdays per year. She spent Saturdays answering the telephone and taking applications from prospective tenants for leased premises. Her work for the Defendant on such Saturdays meant that she worked in excess of 40 hours in those given work weeks, all without being paid overtime in violation of the FLSA.

16. Defendant continuously failed to pay Plaintiff overtime pay on those many occasions in which she worked over 40 hours in a given workweek, all with the knowledge and acquiescence of the Defendant.

17. While working at Hickinbotham, Plaintiff did not manage or supervise other employees and was not exempt from FLSA's overtime pay requirements.

18. Based upon Plaintiff's performance of her non-exempt work duties, such as contacting title companies; contacting property owners; attending real estate closings; answering telephone calls; responding to information requests from the Defendant's licensed real estate agents often extending beyond her scheduled hours, all with the knowledge and acquiescence of the Defendant during the statutory period, Plaintiff routinely worked in excess of forty (40) hours per work week without overtime compensation contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

19. Defendant failed to pay overtime wages and other benefits to Plaintiff by intentionally, willfully and improperly designating her position as exempt from federal law in

4

direct violation of the FLSA.

20. The actual duties performed by the Plaintiff did not exercise independent judgment and discretion as part of the day to day performance of her duties. Rather, the owner and officers of the Defendant controlled every aspect of Plaintiff's duties and the owner and officers were themselves responsible for all major pricing decisions; listing of commercial and residential real estate properties; price adjustment and management and supervision of the day-to-day operations of Hickinbotham.

21. The Defendant's Office Manager told the Plaintiff that the Plaintiff did not have the power to exercise independent judgment in her position. The Defendant's owner admitted that he always saw Plaintiff more as a support role when she inquired about not being paid overtime. Thus, the Defendant could not claim Plaintiff exempt from payment of overtime under the FLSA by using a false job title.

22. Even though Defendant classified the Plaintiff as exempt under the FLSA, the Defendant would threaten to make deductions from Plaintiff's compensation for impermissible reasons, such as failure to correctly complete daily reports and made a deduction of her pay while she was working for the Defendant while on her vacation in 2014.

23. In addition, the Defendant told Plaintiff in November 2013 that she was an "exempt" employee even though its owner simultaneously required the Plaintiff to confirm that she held the position and duties of a Personal Assistant/Secretary, which clearly involved the performance of non-exempt duties. This demonstrates that the Defendant acted in a willful manner, and in bad faith, because it clearly knew that Plaintiff's duties were that of a nonexempt, hourly employee and yet failed to pay Plaintiff overtime pay.

24. There is no good faith, reasonable grounds for the Defendant to assert that

Plaintiff was exempt for the overtime pay requirements of the Fair Labor Standards Act. Thus, the Defendant has engaged in an on-going and continuous practice of misclassifying Plaintiff as exempt employee, all in intentional and willful violation of the FLSA.

25. The approximate sums due Plaintiff for such overtime compensation are not yet known and information as to the amounts due are within the exclusive custody and control of the Defendant.

26. As a result, the Plaintiff was not properly paid for all hours she worked for Hickinbotham, including overtime for all hours in excess of 40 hours in a given workweek, all in violation of the FLSA.

27. The Defendant knew or should have known that failing to pay the Plaintiff properly for all hours worked and extra compensation for overtime hours is a violation of the FLSA.

28. At all relevant times hereto, Turner was Defendant's "employee" within the meaning of the FLSA. 29 U.S.C. §§ 203(e).

29. As alleged herein, the Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of overtime pay permitted by 29 U.S.C. § 216(b).

30. As a direct and proximate result of the Defendant's intentional and willful acts and omissions as outlined herein, Plaintiff Turner has been damaged by the loss of her overtime pay and has been forced to incur expenses of this action, including attorney fees and costs.

31. The Defendant acted intentionally and willfully to deprive the Plaintiff of her rights to overtime pay under the Fair Labor Standards Act by its wrongful classification of

Plaintiff as an exempt employee.

**WHEREFORE**, Plaintiff Angelia Turner prays that this Court enter judgment in her favor against the Defendant for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of her damages, declare and find that the Defendant violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff; that the Defendant willfully violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff, award interest on all overtime compensation due accruing from the date such amounts were due, award an equal amount as liquidated damages, award all costs and attorney's fees incurred prosecuting this claim and for such further relief this Court deems just and proper.

Respectfully submitted,

**WEISS ATTORNEYS AT LAW, P.C.**

\_\_\_/s/ James G. Nowogrocki_____
James G. Nowogrocki, #38559
Morgan L. Taylor, #67750
1015 Locust Street, Suite 400
St. Louis, Missouri 63101
Telephone: (314) 588-9500
Fax: (314) 588-9595
Email: jnowogrocki@weisslawstl.com
mtaylor@weisslawstl.com

*Attorneys for Plaintiff*